Gerald R. DION Sr., Plaintiff–Appellant,

v.

CITY OF UTICA, New York, Cornell Maye, acting in his capacity as Public Safety Commissioner of the City of Utica, Ptlm. R. Wehrle Jr., acting in his capacity as a police officer of the City of Utica, New York, Defendants–Appellees.

No. 05–2943CV.

United States Court of Appeals, Second Circuit.

Dec. 19, 2005.

Gerald R. Dion, Utica, NY., for Appellant, pro se.

John P. Orilio, Assistant Corporation Counsel for the City of Utica, Utica, NY., for Appellee.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. ROBERT D. SACK, Circuit Judges, Hon. JOHN G. KOELTL, District Judge.*

SUMMARY ORDER

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 19th day of December, two thousand five.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be, and it hereby is, AFFIRMED.

Defendant-appellant Gerald R. Dion, Sr.'s complaint under 42 U.S.C. § 1983 alleges violations of his Fourteenth Amendment rights to due process, stemming from his May 2001 arrest for second-degree menacing. We assume that the parties and counsel are familiar with the facts, the procedural history, and the scope of the issues presented on appeal.

We review a grant of summary judgment *de novo*. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir.2003). We view all evidence in the light most favorable to Dion. *Id.*

"A § 1983 claim of false arrest based on the Fourth Amendment right to be free from unreasonable seizures may not be maintained if there was probable cause for the arrest." *Fulton v. Robinson*, 289 F.3d 188, 195 (2d Cir.2002). "An arresting officer advised of a crime by a person who claims to be the victim, and who has signed a complaint or information charging someone with the crime, has probable cause to effect an arrest absent circumstances that raise doubts as to the victim's

---

veracity." *Id.* In this case, complainant Scalzo signed a complaint charging Dion with the crime, and there was no factual basis for a claim that Patrolman Wehrle was aware of circumstances that would have raised doubts as to Scalzo's veracity. Therefore, Wehrle could, consistent with the Fourth Amendment, lawfully effect an arrest by forwarding the criminal complaint to a judge for issuance of an arrest warrant.

We have considered Dion's remaining arguments and find each of them to be without merit.

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.